An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK LOUIS WARD,
Appellant,
vs.
THE STATE OF NEVADA; NEVADA
DEPARTMENT OF CORRECTIONS;
AND WARM SPRINGS
CORRECTIONAL CENTER,
Respondents.

No. 60737

**FILED**

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing appellant's false imprisonment action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant, a former inmate, filed a complaint alleging that respondents illegally held him after the date on which he should have been released from prison. But because appellant was released from prison in January 2008 and did not file his complaint until January 2012, the district court dismissed the complaint as untimely filed. On appeal, appellant challenges this determination.

Regardless of whether this case is viewed as a 42 U.S.C. § 1983 (2012) civil rights action or a state false imprisonment tort action,[1] the statute of limitations on appellant's complaint was two years. *See* NRS 11.190(4)(c) (providing that an action for false imprisonment must be brought within two years after it arises); NRS 11.190(4)(e) (setting the general personal injury statute of limitations at two years); *Owens v. Okure*, 488 U.S. 235, 236 (1989) (holding that a state's general personal

---

[1]As found by the district court, NRS 200.460, which sets forth the definition and penalties for the crime of false imprisonment, does not create a private right of action.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27956

injury statute of limitations applies to a 42 U.S.C. § 1983 action if the state has specific statutes of limitations for enumerated intentional torts and a residual statute of limitations for other personal injury actions). Although he did not file the instant action until 2012, appellant contends that the complaint was timely insofar as it related back to a writ petition that he filed in December 2007 as to the same allegations underlying the complaint. NRCP 15(c) permits an amended pleading to relate back to an earlier pleading within the same case, but does not allow for relation back to a pleading in a different action. Thus, we conclude that the district court correctly dismissed appellant's complaint as untimely, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                             Saitta

---

[2]In light of this conclusion, we need not address the district court's additional finding that the State of Nevada and the Nevada Department of Corrections were not proper defendants insofar as appellant's complaint was brought pursuant to 42 U.S.C. § 1983.

On May 3, 2013, appellant filed a motion, which appears to ask this court to serve a new complaint on certain parties. To the extent that appellant seeks to file a new complaint, the district court, rather than this court, is the proper venue for filing a new action. See Nev. Const. art. 6, § 4 (explaining that this court has appellate jurisdiction over civil cases arising in the district court); Nev. Const. art. 6, § 6 (providing that the district courts "have original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' courts"). Accordingly, we deny appellant's May 3 motion. We also deny as moot appellant's June 24, 2013, motion for leave to file for additional relief requested in the district court, for appointment of counsel, and for leave to appear before this court.

cc:   Hon. James Todd Russell, District Judge
Frederick Louis Ward
Attorney General/Carson City
Carson City Clerk